FORM B104 (08/07)                                                  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>VICKEN HAMBOYAN | **DEFENDANTS**<br>AGNES KISS |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Stephen M. Feldman (818) 907-0334<br>15915 Ventura Blvd. #201<br>Encino, CA 91436 | **ATTORNEYS** (If Known)<br><br>RECEIVED<br>MAR 18 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
First Claim to Determine Non-Dischargeability of Debt-11 U.S.C. Sec. 523(a)(2)(4)
2nd, 3rd & 5th Claim to Determine Non-Dischargeability of Debt-11 U.S.C. Sec.523(a)(4)
Fourth Claim to Determine Non-Dischargeability of Debt-11 U.S.C. Sec. 523(a)(2)(A)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 225,000.00 plus interest |

Other Relief Sought

FORM B104 (08/07), page 2                                              2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** <br> AGNES KISS || **BANKRUPTCY CASE NO.** <br> 2:11-bk-12719-PC |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** | **NAME OF JUDGE** Honorable Peter H. Carroll |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** <br> Vicken Hamboyan | **DEFENDANT** <br> Michael Giorgio | **ADVERSARY PROCEEDING NO.** <br> 2:11-ap-01535-BB |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** <br> Central | **DIVISIONAL OFFICE** | **NAME OF JUDGE** Honorable Sheri A. Bluebond |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signed] Stephen M. Feldman* |||
| **DATE** <br> March 18, 2011 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> STEPHEN M. FELDMAN ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Stephen M. Feldman/SBN: 65773<br>Law Offices of Stephen M. Feldman, Inc.<br>15915 Ventura Boulevard, Suite 201<br>Encino, CA 91436<br>Tel.: (818) 907-0334<br>Fax : (818) 907-9056<br><br>*Attorney for Plaintiff* Vicken Hamboyan | RECEIVED<br>MAR 18 2011<br>CLERK U S BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Agnes Kiss<br><br>Debtor. | CHAPTER  7<br>CASE NUMBER 2:11-bk-12719-PC<br><br>ADVERSARY NUMBER |
|---|---|
| Vicken Hamboyan<br><br>Plaintiff(s),<br><br>vs.<br><br>Agnes Kiss<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❏ 255 East Temple Street, Los Angeles      ❏ 411 West Fourth Street, Santa Ana

❏ 21041 Burbank Boulevard, Woodland Hills  ❏ 1415 State Street, Santa Barbara

❏ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
    *Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                                                                    **F 7004-1**

Summons and Notice of Status Conference - *Page 2*                           **F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
|  | Debtor(s). |  |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:




☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                          **F 7004-1**

1  Stephen M. Feldman, Esq./SBN 65773
   LAW OFFICES OF STEPHEN M. FELDMAN, INC.
2  15915 Ventura Boulevard, Suite 201
   Encino, California 91436
3  Tel No. (818) 907-0334
   Fax No. (818)907-9056
4

5  Attorney for Plaintiff VICKEN HAMBOYAN

FILED
MAR 18 2011

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 IN RE                                    CASE NO. 2:11-bk-12719-PC

12    AGNES KISS                            ADVERSARY NO:

13    CHAPTER 7

14                                          COMPLAINT TO DETERMINE DEBTS TO
                                   /        BE NON-DISCHARGEABLE
15 VICKEN HAMBOYAN, an individual,
                                            Date: See Summons
16                                          Time: See Summons
              Plaintiff,                    Courtroom:
17                                          255 East Temple Street
                                            Los Angeles, CA 90012
18    vs.

19 AGNES KISS, an individual,

20
              Defendants.
21

22
                                   /
23

24
       COMES NOW THE PLAINTIFF VICKEN HAMBOYAN ("Plaintiff") and complains and
25
   alleges as follows:
26

27

28 *Complaint to Determine Debts*              1

# FIRST CLAIM FOR RELIEF TO DETERMINE DEBT TO BE NON-DISCHARGEABLE FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

## 11 U.S.C. Sec. 523(a)(2)(4)

1. Agnes Kiss (hereinafter referred to as "Debtor"), filed her voluntary Petition under Chapter 7, Title 7 of the United States Code with this Court on or about January 20, 2011.

2. This Court has jurisdiction over this core proceeding pursuant to the Provisions of 28 U.S.C. Sec. 157(b)(2)(i) and 1334 and 11 U.S.C. Sec. 523.

3. Prior to March, 2009 Plaintiff and Debtor had a close, personal relationship of mutual trust.

4. In or about February, 2009, Plaintiff wired directly to Debtor into Debtor's AOK Design account at Bank of America ("AOK Design Account") the sum of $25,000.00 which Debtor was to hold in trust for Plaintiff for the specific purpose of investing with MNG Capitol Holdings, LLC/Michael Giorgio ("MNG/Giorgio"). Upon receipt of such $25,000.00, Debtor held such amount in her AOK Design Account for the benefit of Plaintiff and invested such amount on behalf of Plaintiff with MNG/Giorgio.

5. On or about March 11, 2009, Debtor issued a check on the AOK Design Account, check number 1031, payable to Plaintiff in the sum of $28,750.00, representing Plaintiff's return of principal and profit on the investment with MNG/Giorgio. Unbeknownst to Plaintiff, Debtor advanced $14,000.00 from her own personal funds of the $28,750.00 to cover Plaintiff's payout.

6. After Plaintiff received back his principal investment of $25,000.00 along with a return of $3,750.00, Debtor induced Plaintiff to make a second investment of $225,000.00 with MNG/Giorgio for investment in an escrow to purchase real property.

7. On April 21, 2009, Plaintiff provided Debtor with a check drawn on Citibank, check number 138 payable to AOK Design in the sum of $225,000.00. AOK Design was a fictitious business name of Debtor. Debtor endorsed the back of check number 138 and deposited the check into Debtor's AOK Design Account. Debtor received the $225,000.00 from Plaintiff as a Trustee for Plaintiff for the

*Complaint to Determine Debts*              2

specific purpose of investing such $225,000.00 with MNG/Giorgio in an escrow transaction to purchase real property.

8. After receiving and depositing such check from Plaintiff and holding it in trust for the benefit of Plaintiff for the express purpose of investing in the escrow/real property transaction with MNG/Giorgio, on April 22, 2009, Debtor took the sum of $146,050.00 from the $225,000.00 deposited with Debtor by Plaintiff and used such funds for Debtor's own benefit.

9. The Debtor did not advise Plaintiff that she took $146,050.00 from the funds received but suppressed and failed to disclose such information to Plaintiff.

10. On April 23, 2009, Debtor remitted to Michael Giorgio ("Giorgio") the sum of $78,950.00 from Debtor's AOK Design Account, check number 1033. Such amount was paid to Giorgio by Debtor for purposes of Plaintiff's investment with MNG/Giorgio in the escrow/real property transaction and was all that remained from the $225,000.00 deposited with Debtor.

11. Further, in or about April, 2009, Debtor made the following material representations to Plaintiff, prior to Plaintiff's deposit of $225,000.00 with Debtor:

    A. That if Plaintiff invested the sum of $225,000.00 with MNG/Giorgio, the funds would be used for a real estate escrow transaction for the purchase of real property for which Plaintiff's investment would act as the down payment;

    B. That all of the amounts paid by Plaintiff to Debtor for investment for Giorgio would be used for the investment with MNG/Giorgio;

    C. That MNG/Giorgio was obtaining a business loan or business line of credit from which loan/line of credit Plaintiff's investment could be repaid if not from the real estate escrow transaction;

    D. That Debtor had other investors that had and were investing in MNG/Giorgio including Rome and Theo.

12. The foregoing representations were false. The true facts were that MNG/Giorgio did not

*Complaint to Determine Debts*      3

have a pending escrow transaction whereby real property would be purchased nor did MNG/Giorgio have a business loan or business line of credit from which Plaintiff's investment could be repaid. Moreover, Debtor did not intend to invest the entire amount of proceeds paid by Plaintiff but intended to divert funds from the amount given Debtor by Plaintiff for investment in MNG/Giorgio. Lastly, Debtor had no other investors and Rome and Theo did not invest with MNG/Giorgio.

13. Debtor, at the time the representations were made, knew that the representations were false but made such representations to Plaintiff knowing that such representations were false in order to induce Plaintiff to invest the sum of $225,000.00 through Debtor with MNG/Giorgio.

14. Plaintiff relied on the representations from Debtor to invest the sum of $225,000.00 with MNG/Giorgio through Debtor. Had Plaintiff known the true facts in that the representations from Debtor were false, Plaintiff would not have invested the sum of $225,000.00 with MNG/Giorgio through Debtor nor would Plaintiff have invested any other amount whatsoever.

15. Plaintiff reasonably and justifiably relied on the representations of Debtor because Plaintiff had successfully invested with MNG in the past, Debtor advised Plaintiff that the funds would be used for a pending escrow transaction, which documents she had reviewed and Plaintiff was in a close, personal relationship with Debtor whereby Plaintiff reposed great confidence and trust in Debtor.

16. As a direct and proximate result of the representations by Debtor, Plaintiff invested the sum of $225,000.00 with MNG/Giorgio through Debtor which sum of $225,000.00 nor any part thereof has been returned as promised. As a result, Plaintiff has been damaged in the sum of $225,000.00 plus interest thereon from April 21, 2009 at the maximum legal rate.

17. By reason of the foregoing, Plaintiff is entitled to a Judgment of this court determining Plaintiff's claim against Debtor that arises from the above described facts is non-dischargeable under Title 11.

/ / /

/ / /

/ / /

*Complaint to Determine Debts*    4

## SECOND CLAIM FOR RELIEF TO DETERMINE DEBT TO BE NON-DISCHARGEABLE FOR OBTAINING FUNDS FOR FRAUD WHILE ACTING IN A FIDUCIARY CAPACITY

### 11 U.S.C. Sec. 523(a)(4)

18.  Plaintiff refers to the allegations contained in paragraphs 1 through 17 of the First Claim for Relief and by this reference repeats and incorporates the same as though set forth in full hereat.

19.  In or about April, 2009, Debtor while having a duty to disclose information concerning the alleged investment of Plaintiff with MNG/Giorgio, failed to disclose and suppressed the following:

   A.   A substantial portion of Plaintiff's investment will be used to pay other investors as well as commissions and bonuses for persons bringing in investors including Debtor;

   B.   That only $78,950.00 of the original $225,000.00 investment was going to be paid to MNG/Giorgio for the investment contemplated by Plaintiff;

   C.   That there were no other investors known by Debtor other than Plaintiff and Debtor since Rome and Theo were names made up by Debtor.

20.  As a direct and proximate result of the non-disclosure and suppression of facts by Debtor, Plaintiff invested the sum of $225,000.00 with MNG/Giorgio through Plaintiff which sum has been returned as promised. As a result, Plaintiff has been damaged in the sum of $225,000.00 plus interest thereon from April 21, 2009 at the maximum legal rate.

21.  By reason of the foregoing, Plaintiff is entitled to a Judgment of this court determining Plaintiff's claim against Debtor that arises from the above described facts is non-dischargeable under Title 11.

/ / /
/ / /
/ / /
/ / /

*Complaint to Determine Debts*    5

# THIRD CLAIM FOR RELIEF TO DETERMINE DEBT TO BE NON-DISCHARGEABLE FOR FRAUD BASED UPON NEGLIGENT MISREPRESENTATION

## 11 U.S.C. Sec. 523(a)(4)

22. Plaintiff refers to the allegations contained in paragraphs 1 through 17 of the First Claim for Relief and paragraphs 19 through 21 of the Second Claim for Relief and by this reference repeats and incorporates the same herein as though set forth in full hereat.

23. Debtor when she made the representations contained in the First Claim and engaged in the suppressions of fact contained in the Second Claim, had no reasonable ground for believing that the representations were true. Debtor made the representations to Plaintiff with the intent to induce Plaintiff to take the actions herein alleged and invest the sum of $225,000.00 with MNG/Giorgio through Debtor with the intent to prevent Plaintiff from further inquiring into the circumstances surrounding Plaintiff's investment.

24. As a direct and proximate result of the actions of Debtor, Plaintiff invested the sum of $225,000.00 with MNG/Giorgio through Debtor, which sum of $225,000.00 has not been returned as promised. As a result, Plaintiff has been damaged in the sum of $225,000.00 plus interest thereon from April 21, 2009 at the maximum legal rate.

25. By reason of the foregoing, Plaintiff is entitled to a Judgment of this court determining Plaintiff's claim against the Debtor that arises from the conduct of the Debtor as aforesaid is non-dischargeable under Title 11.

# FOURTH CLAIM FOR RELIEF TO DETERMINE DEBT TO BE NON-DISCHARGEABLE FOR OBTAINING FUNDS UNDER FALSE PRETENSES

## 11 U.S.C. Sec. 523(a)(2)(A)

26. Plaintiff refers to the allegations contained in paragraphs 1 through 17 of the First Claim for Relief, paragraphs 19 through 21 of the Second Claim for Relief, paragraphs 23 through 25

*Complaint to Determine Debts*   6

of the Third Claim for Relief and by this reference repeats and incorporates the same herein as though set forth in full hereat.

27. At all times herein mentioned, Debtor induced Plaintiff to invest the sum of $225,000.00 for investment with MNG/Giorgio through Debtor by representing and implying to Plaintiff that the entire amount of funds invested by Plaintiff with Debtor in the sum of $225,000.00 were to be deposited by Debtor in an existing escrow account maintained by MNG/Giorgio to purchase specifically designated real property in a currently existing escrow documents of which were reviewed by Debtor.

28. Notwithstanding such representations and implications, after Plaintiff tendered the sum of $225,000.00 to Debtor for purposes of effectuating such investment, Debtor diverted the sum of $146,050.00 for amounts allegedly owed Debtor by MNG/Giorgio without disclosing same to Plaintiff.

29. Had Plaintiff known that Debtor intended to divert the sum of $146,050.00 from the amount invested by Plaintiff, Plaintiff would not have invested such sum through Debtor or at all. Moreover, had Plaintiff known that no other investors other than Plaintiff and Debtor had invested with MNG/Giorgio, specifically that Rome and Theo were fictions of Debtor's imagination, Plaintiff would never have invested any amounts whatsoever.

30. As a result of the actions of Debtor, Plaintiff has been damaged in the sum of $225,000.00 plus interest thereon from April 21, 2009 at the maximum legal rate.

31. By reason of the foregoing, Plaintiff is entitled to a Judgment of this court determining Plaintiff's claim against Debtor that arises from the conduct of Debtor as aforesaid is non-dischargeable under Title 11.

**FIFTH CLAIM FOR RELIEF TO DETERMINE DEBT**

**TO BE NON-DISCHARGEABLE FOR EMBEZZLEMENT**

**11 U.S.C. Sec. 523(a)(4)**

32. Plaintiff refers to the allegations contained in paragraphs 1 through 17 of the First Claim for Relief, paragraphs 19 through 21 of the Second Claim for Relief, paragraphs 23 through 25 of the Third Claim for Relief, paragraphs 27 through 31 of the Fourth Claim for Relief and by this reference

*Complaint to Determine Debts*    7

repeats and incorporates the same herein as though set forth in full hereat.

33. On or after April 21, 2009, Plaintiff entrusted Debtor with the sum of $225,000.00 for the specific purpose of investing such amount in an escrow transaction for the purchase of specific real property with MNG/Giorgio. Debtor fraudulently appropriated the sum of $146,050.00 from Plaintiff who entrusted such funds to Debtor for purposes of the specific escrow account/real property transaction.

34. Had Plaintiff known that Debtor would misappropriate and embezzle such funds, Plaintiff would never have made such investment.

35. As a result of the actions of Debtor, Plaintiff has been damaged in the sum of $225,000.00 plus interest thereon from April 21, 2009 at the maximum legal rate.

36. By reason of the foregoing, Plaintiff is entitled to a Judgment of this court determining Plaintiff's claim against Debtor that arises from the conduct of Debtor as aforesaid is non-dischargeable under Title 11.

WHEREFORE, Plaintiff demands Judgment against the Debtor as follows:

**FIRST, SECOND. THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF**

1. That Plaintiff's claims against the Debtor, which are described herein be determined to be non-dischargeable;

2. An award of costs of suit and attorney's fees as the court may allow; and

3. Such other further relief as the court deems just and proper.

DATED: March 18, 2011

LAW OFFICES OF STEPHEN M. FELDMAN, INC.

By: *Stephen M. Feldman*
STEPHEN M. FELDMAN
Attorney for Plaintiff VICKEN HAMBOYAN

C:\WP\Complaint\15540.ml.wpd

*Complaint to Determine Debts*    8

PROOF OF SERVICE

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15915 Ventura Boulevard, Suite 201, Encino, California 91436.

On March 18, 2011, I served the foregoing document described as **Complaint to Determine Debts to Be Non-Dischargeable"** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows and send by facsimile::

Daniel P. Hunt, Esq.  
3322 W. Victory Blvd.  
Burbank, CA 91505

Rosendo Gonzalez (TR)  
Gonzalez & Associates  
530 S. Hewitt Street, Suite 148  
Los Angeles, CA 90013

_XX_ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Encino, California.

____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on March 18, 2011, at Encino, California.

_XX_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Marlene Lessin*  
MARLENE LESSIN

C:\WP\Complaint\15540.ml.wpd

*Complaint to Determine Debts*